UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLY WILSON, )<br>     Plaintiff, )<br>)<br>vs. )<br>)<br>TOM HUNTER, Superintendent of Greensburg )<br>Community School Corporation, DENNIS )<br>GOLDBERG, Treasurer of Greensburg )<br>Community School Corporation, and )<br>GREENSBURG COMMUNITY SCHOOL )<br>CORPORATION, )<br>     Defendants. ) | 1:07-cv-1598-LJM-WTL |

## ORDER

This matter pends on defendants', Tom Hunter, Superintendent of Greensburg Community School Corporation ("GCS"), Dennis Goldberg, Treasurer of Greensburg Community School Corporation, and Greensburg Community School Corporation (collectively, "Defendants") Petition for Taxation of Costs and Assessment of Attorney Fees pursuant to Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)"). Plaintiff, Beverly Wilson ("Plaintiff"), an employee of Defendant School Corporation, was inadvertently overpaid by school authorities for a period of time. In order to recoup the unauthorized overpayment, Defendants reduced her salary.

In this suit, under 42 U.S.C. § 1983, Plaintiff sought a temporary restraining order and a preliminary injunction to restore her salary as litigation progressed on her claims that Defendants violated her rights under the Due Process Clause of the Fourteenth Amendment. The temporary restraining order request alleged that because her attorney had "requested advisement from counsel for GCS, Tuck Hopkins . . . as to the availability of said counsel, Superintendent Hunter, and/or Treasurer Goldberg, for a hearing concerning interim relief, to no avail." Docket No. 7, at 2. From

this, counsel urged the Court that, "Consequently, advance notice prior to entry of a temporary restraining order would appear not to be required." *Id.* The Motion for a Temporary Restraining Order and Preliminary Injunction was declared Moot because Plaintiff withdrew the requests.

Defendants filed a Motion to Dismiss, to which Plaintiff's counsel filed a response. The Court granted the motion based upon precedent from the Eighth Circuit. *See Lillehaug v. City of Sioux Falls*, 788 F.2d 1349 (8th Cir. 1986). Plaintiff's brief did not mention the case. The only reference to the case was in the statement that no Indiana cases on point were cited to advance Defendants' position. The bottom line is that the United States Supreme Court in, *Parratt v. Taylor*, 451 U.S. 527 (1981), *abrogated on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986), held that the existence of adequate state laws preclude cases such as this. A breach of contract action was available to Plaintiff to recover her wages. This was not an appropriate federal case. No case law supported Plaintiff's position. Furthermore, an appropriate examination of the law would have told Plaintiff's lawyer that a pursuit of Plaintiff's claims in federal court would be a waste of the Court's time and would result in a victory for Defendants after an expenditure for attorney fees.

The instant motion was brought pursuant to 42 U.S.C. 1988(b). This statute gives the Court the authority to award attorney's fees and costs to the prevailing party in litigation under 42 U.S.C. § 1983. Defendants were prevailing parties. Defendants' counsel properly cite to *Munson v. Milwaukee Board of School Directors*, 969 F.2d 266 (7th Cir. 1992), for the standard of proof required in considering awarding fees to a prevailing defendant in a suit brought under 42 U.S.C. 1983:

> The Supreme Court has held that a prevailing defendant may recover attorneys' fees under § 1988 if the plaintiff's action is "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe*, 449 U.S. 5, 15, (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 443 U.S. 412, 422

> (1978)); *see also Leffler v. Meer*, 936 F.2d 981, 986 (7th Cir. 1991). Defendants are not required to show either subjective or objective bad faith on the part of the plaintiff in order to recover § 1988 attorneys' fees. *Hamer v. County of Lake*, 819 F.2d 1362, 1366 (7th Cir. 1987) (citation omitted). Instead the defendant must demonstrate that the plaintiff's action is "meritless in the sense that it is groundless or without foundation." *Hughes*, 449 U.S. at 14. "[W]hen a civil rights suit is lacking in any legal or factual basis . . ., an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Coates v. Bechtel*, 811 F.2d 1045, 1050 (7th Cir. 1987) (citation omitted).

*Munson*, 969 F.2d at 269.

Under this standard, Defendants are entitled to costs and attorney's fees. Once Plaintiff's lawyer was aware of the fact that the existence of a state court remedy left his client without a federal case, he should have ceased litigation. In *Lillehaug*, the Eighth Circuit opined that the availability of a breach of contract cause of action precludes a civil rights action premised on the breach. *Lillehaug*, 788 F.2d at 1352. The breach of contract remedy is as available in Indiana as it was in Sioux Falls, South Dakota for the plaintiff in *Lillehaug*. Therefore, Plaintiff's lawyer should have known his client's claim was precluded with a modicum of research on the subject. The fault here is not with the client. The fault here is with the lawyer.

## CONCLUSION

For the reasons stated herein, Defendants', Tom Hunter, Superintendent of Greensburg Community School Corporation, Dennis Goldberg, Treasurer of Greensburg Community School Corporation, and Greensburg Community School Corporation, Petition for Taxation of Costs and Assessment of Attorneys Fees is **GRANTED**. Costs and attorney's fees are assessed against James Masur, the attorney who filed and pursued this case to an adverse judgment.

The Court finds that the attorney's fees requested by counsel for Defendants are reasonable in this community for an attorney with his experience.  Judgment shall enter in favor of Defendants for attorney's fees in the amount of $8,720.00 plus costs of $10.20.

IT IS SO ORDERED this 30th day of September, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana


Distribution to:

Denise K. LaRue
Haskin Lauter & LaRue
dlarue@hlllaw.com

William T. Hopkins, Jr.
Barnes & Thornburg
tuck.hopkins@btlaw.com

Mark D. Scudder
Barnes & Thornburg
mark.scudder@btlaw.com

Thomas E. Wheeler, II
Locke Reynolds LLP
twheeler@locke.com